IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MONICA E. TONCZ )
)
v. ) NO. 3:12-1010
)
BANK OF AMERICA, N.A., et. al. )

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered October 16, 2012 (Docket Entry No. 20), this pro se action was referred to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. § § 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are motions to dismiss filed by the Defendants in the action:

1) the Motion to Dismiss (Docket Entry No. 11) filed by Wells Fargo Bank, N.A., Bank of America, N.A., successor to BAC Home Loan Servicing L.P., America's Wholesale Lenders, HSBC Bank, as trustee for securitized trust ACE Securities Corp Home Equity Loan Trust, Series 2005-HE7, and Mortgage Electronic Registration Systems, Inc.;

2) the Motion to Dismiss (Docket Entry No. 14) filed by Rubin Lublin TN, PLLC; and

3) the Motion to Dismiss (Docket Entry No. 25) filed by Deutsche Bank, AG.

The Plaintiff has not filed a response in opposition to any of the motions.[1] For the reasons set out below, the Court recommends that the motions be granted and this action be dismissed.

---

[1] By Orders entered November 28, 2012 (Docket Entry No. 22), and December 20, 2012 (Docket Entry No. 30), the Plaintiff was given deadlines of January 4, 2013, and January 18, 2013, to respond to the motions.

## I. BACKGROUND

The Plaintiff is a resident of Dickson County, Tennessee. On October 2, 2012, she filed this pro se action against seven defendants: Bank of America, N.A., successor to BAC Home Loan Servicing L.P. ("BANA"); America's Wholesale Lenders ("AWL"); Rubin, Lublin, Suarez, and Serrano TN, PLLC ("Rubin Lublin"); HSBC Bank, as trustee for securitized trust ACE Securities Corp Home Equity Loan Trust, Series 2005-HE7 ("HSBC"); Wells Fargo Bank, N.A. ("Wells Fargo"); Deutsche Bank, AG ("Deutsche Bank"); and Mortgage Electronic Registration Systems, Inc. ("MERS"). See Docket Entry No. 1. The Plaintiff asserts that federal question jurisdiction exists under 28 U.S.C. § 1331.

The Plaintiff's complaint is fifty pages long, but despite its length, the basic factual allegations underpinning the action are not clearly and concisely set out, and the Court has relied upon exhibits attached to the Defendants' motions to illuminate the Plaintiff's allegations.[2] On August 15, 2005, the Plaintiff executed a Promissory Note in favor of AWL in the amount of $308,000.00. See Docket Entry No. 12-2. The Promissory Note was secured by a Deed of Trust to property located at 1241 Deal Road, Burns, Tennessee. MERS was made the beneficiary of the Deed of Trust as the nominee of AWL. See Docket Entry No. 12-1. The Deed of Trust was recorded in the Register's Office in Dickson County, Tennessee on August 18, 2005. Id.

The Plaintiff alleges that the Deed of Trust was then assigned, along with other mortgages and loans, to HSBC as the trustee for a securitized trust which she identifies as the Ace Securities Corp Home Equity Loan Trust, SERIES 2005-HE7. See Complaint at ¶¶ 12 and 23. She contends that the assignment was improper under the terms of the securitized trust agreement and for other reasons, and that the Promissory Note was not itself assigned to the securitized trust. She asserts that BANA is holding itself out as the current holder of the Promissory Note and beneficiary of the Deed of Trust.

---

[2] In her Complaint, the Plaintiff refers to several documents but she does not attach any of these documents to the Complaint as exhibits. The Court has considered documents attached by the Defendants to their motions because the documents are referred to in the Complaint and are central to the claims contained therein. See Bassett v. National Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008).

The Plaintiff contends that the transfers and assignments are unenforceable, have been rendered a nullity, and that BANA does not have legal authority over the Promissory Note and Deed of Trust. Although the Plaintiff states that there is a controversy between herself and the Defendants regarding the property, refers to a foreclosure, and alleges that the Defendants have failed to properly and accurately credit payments made toward the loan, see Docket Entry No. 1, at ¶¶ 9, 46-47, 66, 98, and 100-105, the Plaintiff does not set out any factual allegations which shed light on these references, and it is entirely unclear from the Complaint the nature of the controversy that currently exists or the status of any foreclosure proceedings concerning the property.

Based upon these allegations, the Plaintiff sets out 11 specific causes of action: 1) wrongful foreclosure; 2) fraud in the concealment; 3) fraud in the inducement; 4) slander of title; 5) quiet title; 6) negligence; 7) declaratory relief; 8) violation of the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2601 ("RESPA") and the Federal Reserve Act; 9) violation of the Truth in Lending Act, 15 U.S.C. § 1641(g) ("TILA"); 10) breach of contract; and 11) breach of implied covenant of good faith and fair dealing. See Docket Entry No. 1, at 1 and 16-42. She seeks unspecified compensatory, special, general, and punitive damages, as well as declaratory and injunctive relief, including canceling or vacating the "trustee's Deed," quieting title in her favor, and, to the best of the Court's reading of the complaint, a declaration that she is entitled to legal ownership of the property free and clear of any claims which may be asserted by the Defendants and regardless of whether she has fulfilled any obligation to make payments in accord with the promissory note. Id. at ¶¶ 43-44, 56, and 95, and pp. 42-48.

In lieu of answers, the Defendants have filed the pending motions to dismiss. In separate motions to dismiss (Docket Entry Nos. 11 and 14), Defendants Wells Fargo, BANA, AWL,[3] HSBC, and MERS and Defendant Rubin Lublin set out several arguments for dismissal of the action. They assert that they have not been properly served with process in the action in accordance with Rule 4

---

[3] AWL asserts that its is not a propr defendant because AWL is a trade name ("d/b/a") for Countrywide Home Loans, Inc., which is the proper defendant but which has not been named in the action. See Docket Entry No. 12, at 1, n.1.

3

of the Federal Rules of Civil Procedure. They further contend that the generalized nature of the Complaint, the inclusion in the Complaint of wrongdoing attributed generically to "defendants," and the clear indication from the Complaint that it contains sections that were cut and pasted from some type of form complaint without reference to these particular defendants all fail to show compliance with the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure. Finally, they set out legal shortcomings with each of the causes of action raised by the Plaintiff and with her underlying premise of the illegality of the assignment of her mortgage documents.[4]

Defendant Deutsche Bank[5] contends that its dismissal from the action is appropriate because the Plaintiff fails to include factual allegations in her complaint which support any plausible claims against it. See Motion to Dismiss and Supporting Memorandum (Docket Entry Nos. 25-26). Deutsche Bank points out that, other than being listed in the caption of the Complaint, it is specifically referred to only once in the 50 page complaint. Defendant Deutsche Bank argues that the single factual allegation against it is insufficient to show that it had any involvement in the property, note, or deed of trust at issue and fails to support either the assertion of personal jurisdiction over it or plausible claims against it based on any of the causes of action alleged by the Plaintiff. Deutsche Bank further argues that the Plaintiff's generic references to "Defendants" in the complaint simply do not satisfy the basic pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, let alone the more heightened pleading standards required by Rule 9 of the Federal Rules of Civil Procedure for the Plaintiff's claims sounding in fraud.

---

[4] Defendants Wells Fargo, BANA, AWL, HSBC, and MERS also contend that the Plaintiff's husband, Alan Toncz, is a signatory to the Deed of Trust and is a necessary party to the action who should be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure. The Defendants do not, however, show that his joinder is not feasible or that dismissal of the action because of the Plaintiff's failure to join her husband is appropriate. See Docket Entry No. 12, at 7-8.

[5] Defendant Deutsche Bank asserts that its correct name is Deutsche Bank AG and that there is no entity known as Deutsche Bank, as it has been named in the Complaint by the Plaintiff. See Docket Entry No. 26, at 7, n.1.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12 of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty, 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not reflect a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSION

The Defendants' motions raise several grounds for dismissal of the Plaintiff's claims, including the grounds of improper service of process and lack of personal jurisdiction. Because these arguments for dismissal implicate the Court's jurisdiction to adjudicate the action, the Court must address these arguments as a threshold matter. King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012).

Rule 4 of the Federal Rules of Civil Procedure mandates that a "summons must be served with a copy of the complaint" and that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed.R.Civ.P. 4(c)(1). Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). Dismissal "shall follow unless the plaintiff shows good cause for failure to meet the 120–day deadline." Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 521 (6th Cir. 2006). The "requirement of proper service of process is not some mindless technicality." Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir.1987)). "[D]ue process requires proper service of process in order to obtain in personam jurisdiction," Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir.1976), and the Plaintiff bears the burden of showing she has effected proper service of process upon a defendant. See Sawyer v. Lexington–Fayette Urban County Gov., 18 Fed. Appx. 285, 287, (6th Cir. Aug. 21, 2001); Odyssey Med., Inc. v. Augen Opticos, S.A. de C.V., 2011 WL 4478873, *2 (W.D.Tenn. Sept. 26, 2011); Bateman v. United States, 2011 WL 1328897, *3 (M.D. Tenn. Apr. 5, 2011) (Haynes, J.). The fact that a defendant knows about a lawsuit or obtains a copy of the complaint from another source does not relieve the Plaintiff of the obligation of obtaining proper service of process upon a defendant because "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." LSJ Inv. Co., Inc., v. OLD, Inc., 167 F.3d 320, 324 (6th Cir. 1999); Friedman, supra.

Defendants Wells Fargo, BANA, AWL, HSBC, MERS, and Rubin Lublin contest that they have been properly served with process in this action. BANA, HSBC, Wells Fargo, and Rubin Lublin assert that they have not been served with process, and MERS and AWL assert that they were only served with a summons and not a complaint. See Docket Entry No. 12, at 4-5 and Docket Entry No. 15, at 20. The Complaint in this action was filed in this action on October 2, 2012. The record shows only that summons for the Defendants were issued to the Plaintiff by the Clerk on October 2, 2012, and does not reflect that any defendant has been served with process. Despite the fact that the Defendants specifically raised this issue as a grounds for dismissal of the action in their motions, the Plaintiff has not responded to the Defendants' argument and has not shown that she properly served the Defendants.

Rule 4(l)(1) requires that proof of service must be made to the court unless service is waived, and the burden is on the Plaintiff to show either that she has properly served the Defendants with process or, pursuant to Rule 4(m), that there is good cause for her failure to serve the Defendants. The Plaintiff has not attempted to satisfy this burden. Courts have broad discretion to dismiss an action that involves improper service. See Nafziger, 467 F.3d at 521; Byrd v. Stone, 94 F.2d 217, 219 (6th Cir. 1996); Sherer v. Construcciones Aeronauticas, S.A., 987 F.2d 1246, 1247 (6th Cir. 1993). Although the Plaintiff is proceeding pro se, those who proceed without counsel must still comply with the procedural rules that govern civil cases. McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); Frame v. Superior Fireplace, 74 Fed.Appx 601, 603 (6th Cir. Sep. 10, 2003). Furthermore, establishing good cause is the responsibility of the party opposing the motion to dismiss and necessitates a demonstration of why service was not made within the time constraints of Rule 4(m). Habib v. General Motors Corp., 15 F.3d 72, 73 (6th Cir.1994). It is not an onerous burden to place on a plaintiff to remain active in her litigation and respond to motions by the opposing parties that the action be dismissed. Given the Plaintiff's complete failure to address the Defendants' request for dismissal of this action and her failure to show, or even make a layman's attempt to show, that she has satisfied a threshold requirement of timely and proper service of process upon the

7

Defendants, dismissal of Defendants Wells Fargo, BANA, AWL, HSBC, MERS, and Rubin Lublin is warranted pursuant to Rule 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure. See Leisure v. Ohio, 12 Fed.Appx. 320, 321 (6th Cir. June 11, 2011).

Defendant Deutsche Bank has not contested the sufficiency of service of process upon it, but instead asserts that the Plaintiff's Complaint fails to include factual allegations which would support the Court's exercise of personal jurisdiction over it and, thus, Deutsche Bank seeks dismissal under Rule 12(b)(2). See Docket Entry No. 26, at 10-11. The Defendant asserts that it is a publically held banking corporation organized under the laws of the Federal Republic of Germany and that the Complaint does not set out factual allegations that it had any contact with the Plaintiff or with the State of Tennessee which would give rise to either general or specific personal jurisdiction over it.

The Court agrees. Due Process requires that a defendant be subject to the personal jurisdiction of the Court. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). As the party bringing the lawsuit, the Plaintiff has the burden of establishing that this Court has personal jurisdiction over the defendants she has sued. See Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002); Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co., Ltd., 91 F.3d 790, 793 (6th Cir. 1996). This requires a showing that Deutsche Bank has certain minimum contacts with Tennessee such that maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. Id. Depending on the type of minimum contacts in a case, personal jurisdiction can either be said to be general or specific. Air Prods. and Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007); Reynolds v. International Amateur Athletic Fed'n, 23 F.3d 1110, 1116 (6th Cir.1994). General personal jurisdiction requires the defendant to have "continuous and systematic" contacts in the forum state such that the forum court may exercise jurisdiction over the defendant regardless of whether the claim at issue is related to the defendant's activities in the state. Neogen Corp., 282 F.3d at 889. Specific personal jurisdiction, on the other hand, is based on the defendant's contacts with the forum state as those contacts arise from the claims brought by the plaintiff. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8,

104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Neogen Corp., 282 F.3d at 888.

The Complaint contains only a single factual allegation that is directed at Deutsche Bank. This allegation is that "[a]ll Defendants knew that the Note in question had been paid off in full as a result of the application for mortgage default insurance by Deutsche Bank." See Complaint at 25, ¶ 71. The allegation is vague and there is no factual context to this allegation nor any other allegations contained in the Complaint that show the involvement of Deutsche Bank with the Plaintiff or within the State of Tennessee. The Court is left to speculate not only as to what involvement, if any, Deutsche Bank had with the Plaintiff but also what contacts, if any, the Defendant had within the State of Tennessee. The Plaintiff simply fails to set forth a legal or factual basis that supports a minimal prima facie showing of personal jurisdiction over Defendant Deutsche Bank.[6]

Because the Court finds that the Plaintiff fails to establish that jurisdiction exists over the Defendants for the reasons set out herein and because this shortcoming warrants dismissal of the action as a threshold issue, it is unnecessary to address the Defendants' alternative arguments for dismissal of this action.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the Motion to Dismiss (Docket Entry No. 11) filed by Wells Fargo Bank, N.A., Bank of America, N.A., successor to BAC Home Loan Servicing L.P., America's Wholesale Lenders, HSBC Bank, as trustee for securitized trust ACE Securities Corp Home Equity Loan Trust, Series 2005-HE7,

---

[6] In resolving the Rule 12(b)(2) defense, the Court sees no need for an evidentiary hearing or limited discovery given the Plaintiff's complete failure to even address the motion to dismiss. It is the Plaintiff's burden is to make a prima facie showing that personal jurisdiction exists. Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991). The Court has viewed the pleadings and submissions in a light most favorable to the Plaintiff and has viewed any disputed facts in her favor. Id. See also Estate of Thompson v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 360 (6th Cir. 2008).

and Mortgage Electronic Registration Systems, Inc. and the Motion to Dismiss (Docket Entry No. 14) filed by Rubin Lublin TN, PLLC be GRANTED and that these Defendants be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) and Rule 12(b)(5) of the Federal Rules of Civil Procedure;

2) the Motion to Dismiss (Docket Entry No. 25) filed by Deutsche Bank, AG be GRANTED pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over this defendant; and

3) this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge